IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. ____ |
| v. | ) ) | C O M P L A I N T |
| SYNERGY HEALTH, INC. d/b/a ST. JOSEPH'S COMMUNITY HOSPITAL, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Celeste Kinnunen ("Kinnunen") who was adversely affected by such practices, and a class of current and former employees of Synergy Health, Inc. d/b/a St. Joseph's Community Hospital ("Hospital") who were adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that the Hospital violated the ADA by denying Kinnunen a reasonable accommodation and discharging her because of her disability. The EEOC also alleges that the Hospital continues to violate the ADA by subjecting a class of current and former Hospital employees, including Kinnunen, to impermissible disability-related inquiries and medical exams that are not job-related and consistent with business necessity .

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-6.

4.      At all relevant times, Defendant Hospital has continuously been a Wisconsin corporation doing business in the State of Wisconsin and the City of West Bend, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Hospital has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

2

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Kinnunen filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Kinnunen is a qualified individual with a disability within the meaning of Section 3, 42 U.S.C. § 12102, and Section 101, 42 U.S.C. § 12111, of the ADA. Kinnunen has had brittle, Type-1 diabetes mellitus for over twenty years that substantially limits the major life activity of eating.

9. Since at least June 2004, Defendant Hospital has engaged in unlawful employment practices at its West Bend, Wisconsin facilities, in continuing violation of Sections 102(b)(1) and (b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(b)(1) and (b)(5). Such unlawful employment practices include but are not limited to:

    (a) Denying Kinnunen a reasonable accommodation; and

    (b) Disciplining and discharging Kinnunen because of her disability, diabetes.

10. The effect of the practice complained of in paragraph 9, above, has been to deprive Kinnunen of equal employment opportunities and otherwise adversely affect her status as employee because she was subjected to disparate treatment because of her disability, diabetes, and because the Hospital failed to provide her with a reasonable accommodation.

11. Since at least June 2004, Defendant Hospital has engaged in an ongoing pattern or practice of unlawful employment practices at its West Bend, Wisconsin facilities, in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d). Since at least June 2004, Defendant

3

has maintained a policy of routinely subjecting employees to disability-related inquiries and medical exams that are not job-related or consistent with business necessity, in violation of the ADA.

12. The effect of the practices complained of in paragraph 11, above, has been to deprive a class of current and former Hospital employees equal employment opportunities and otherwise adversely affect their status as employees because such practices are explicitly prohibited by the ADA.

13. The unlawful employment practices complained of in paragraphs 9 and 11 above, were and are intentional.

14. The unlawful employment practices complained of in paragraph 9 were done with malice or with reckless indifference to the federally protected rights of Celeste Kinnunen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from continuing to subject current employees to the unlawful employment practices described in paragraph 11 above, and to destroy all information about current or former employees previously or presently obtained through Defendant's use of such practices.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all current and former employees that were

subjected to the unlawful employment practices described in paragraph 11 above, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant to make whole Kinnunen by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraph 9 above, including but not limited to rightful place reinstatement or front pay.

F. Order Defendant to make whole Kinnunen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

G. Order Defendant to make whole Kinnunen by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraph 9, above, in amounts to be determined at trial.

H. Order Defendant to pay Kinnunen punitive damages for its malicious and reckless conduct, as described in paragraph 9 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

5

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Ronald S. Cooper
        General Counsel

        James Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        Equal Employment Opportunity Commission
        1801 L Street, N.W.
        Washington, D.C. 20507


        s/John C. Hendrickson
        John C. Hendrickson
        Regional Attorney

        Jean P. Kamp
        Associate Regional Attorney

        Equal Employment Opportunity Commission
        Chicago District Office
        500 West Madison Street, Suite 2800
        Chicago, Illinois 60661
        (312) 353-8551
        Fax: (312) 353-8555



        s/Nicholas J. Pladson
        Nicholas J. Pladson
        Minnesota Bar Number 0388148
        Trial Attorney

        Equal Employment Opportunity Commission
        Minneapolis Area Office

330 Second Avenue South, Suite 430
Minneapolis, Minnesota 55401
(612) 335-4047
Fax: 335-4044