IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,                    CIVIL ACTION NO. 2:08-CV-00805-JPS

    v.

SYNERGY HEALTH, INC. d/b/a
ST. JOSEPH'S COMMUNITY HOSPITAL,[1]

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant St. Joseph's Community Hospital of West Bend, Inc.[2] ("Defendant") by its Attorneys, Michael Best & Friedrich LLP, and as and for its Answer to the Complaint in the above-captioned matter, hereby admits, denies and alleges as follows:

1. Admits the allegations contained in Paragraph 1 of the Complaint.[3]

2. Denies the allegations contained in Paragraph 2 of the Complaint.

3. Admits the allegations contained in Paragraph 3 of the Complaint.

4. Admits that St. Joseph's Community Hospital of West Bend, Inc. is the correct legal name of the Defendant, admits Defendant is and has been a Wisconsin corporation doing business in the State of Wisconsin in the Village of Jackson and the City of West Bend, and

---

[1] The proper legal name of the Defendant is "St. Joseph's Community Hospital of West Bend, Inc." Froedert & Community Health, Inc. is the sole member of Defendant, a nonstock corporation. SynergyHealth, Inc. has no operations.

[2] See Footnote 1.

[3] The introductory statements contained in the "Nature of the Action" section of Plaintiff's Complaint are not allegations, and do not require a response. To the extent they are deemed to require a response, Defendant denies the allegations contained therein.

admits it has continuously employed at least 15 employees, but denies all other allegations contained in Paragraph 4 of the Complaint.

    5. Admits the allegations contained in Paragraph 5 of the Complaint.

    6. Admits the allegations contained in Paragraph 6 of the Complaint.

    7. Admits that Kinnunen filed a Discrimination Charge with the Equal Employment Opportunity Commission ("Plaintiff") alleging violations of Title I of the ADA by Defendant more than thirty (30) days prior to the institution of this lawsuit, but denies all other allegations contained in Paragraph 7 of the Complaint.

    8. Admits Kinnunen has brittle Type 1 diabetes mellitus, lacks information as to how long Kinnunen has had it, and denies all other allegations contained in Paragraph 8 of the Complaint.

    9. Denies all allegations contained in Paragraph 9 of the Complaint.

    10. Denies all allegations contained in Paragraph 10 of the Complaint.

    11. Denies all allegations contained in Paragraph 11 of the Complaint.

    12. Denies all allegations contained in Paragraph 12 of the Complaint.

    13. Denies all allegations contained in Paragraph 13 of the Complaint.

    14. Denies all allegations contained in Paragraph 14 of the Complaint.

    15. Denies all requests for relief, and any and all other allegations contained in the Complaint.

## **AFFIRMATIVE DEFENSES**

    1. Plaintiff fails to state a claim for which relief can be granted.

    2. Plaintiff's Complaint is barred by the doctrine of laches.

3. At all times, Defendant's actions toward Kinnunen (including termination) were taken in good faith and motivated by legitimate, nondiscriminatory reasons.

4. Even if it were to be determined that disability was a motivating factor in Defendant's actions toward Kinnunen, Defendant would have take the same actions in the absence of said motivating factor.

5. Plaintiff failed to exhaust all administrative remedies as Paragraphs 11-13 of Plaintiff's Complaint exceed the scope of Kinnunen's EEOC Discrimination Charge.

6. All allegations in the Complaint regarding alleged conduct that occurred prior to March 3, 2005 are untimely under the relevant statute of limitations.

7. Upon information and belief, Kinnunen has failed and is failing to mitigate her damages.

8. "Synergy Health, Inc." never employed Kinnunen.

9. Kinnunen never named Defendant "Synergy Health, Inc." as a respondent in her EEOC Discrimination Charge, and has therefore failed to exhaust all administrative remedies against it.

10. Plaintiff's alleged causes of action do not state facts sufficient to enable Plaintiff or Kinnunen to recover punitive damages.

11. Although Kinnunen never requested one, the accommodation Plaintiff claims should have been given to Kinnunen was not a reasonable one, as it would pose an undue hardship on Defendant's operations.

12. Defendant's inquiries of Kinnunen and other employees were job related and consistent with business necessity.

13. Defendant's inquiries of Kinnunen and other employees were permitted by 29 C.F.R. §1630.14(c) and the Plaintiff's own Enforcement Guidance, and required by Wisconsin law.

Dated this 20th day of November, 2008.

**MICHAEL BEST & FRIEDRICH LLP**

**/s/ Mitchell W. Quick**
Mitchell W. Quick
State Bar No. 1001493
Amy Schmidt Jones
State Bar No. 1032274
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202
Telephone: (414) 271-6560
Facsimile: (414) 277-0656
E-Mail: mwquick@michaelbest.com
asjones@michaelbest.com

X:\CLIENTB\083118\0032\A2940649.1