UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,
     v.                                   Case 2:08-cv-00805-JPS

SYNERGY HEALTH, INC., d/b/a
ST. JOSEPH'S COMMUNITY HOSPITAL,

                Defendant.

_____

## STIPULATED PROTECTIVE ORDER
_____

     1.     The parties, through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil L.R. 26.4, stipulate and agree to the entry of the following order:

     2.     The parties believe that certain documents essential to the litigation in this case contain highly sensitive medical information about conditions and treatments pertaining to Charging Party Celeste Y. Kinnunen and *hundreds* of other past and current employees of St. Joseph's Community Hospital. The Plaintiff asserts that the Defendant unlawfully made periodic medical inquiries of its employees over the years in violation of the Americans with Disabilities Act. The Plaintiff also asserts that Defendant denied Charging Party Celeste Y. Kinnunen a reasonable accommodation and discharged her on the basis of her disability in violation of the Americans with Disabilities Act. Plaintiff believes such records related to the medical inquiries and Charging Party Celeste Y. Kinnunen's medical records are relevant to its claims. This confidential medical information, if filed in open court, may cause undue harm, embarrassment or invasion of privacy for non-party individuals like Celeste Y. Kinnunen, and

1

many other non-party individuals who may have limited or no direct involvement in this case. Accordingly, the parties believe that good cause exists to permit either party to designate any documents or other evidence containing such medical information as confidential by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."

3. The parties further believe that certain other documents essential to the litigation in this case contain highly sensitive *personal* information of dozens of past and current former employees of St. Joseph's Community Hospital, in particular their disciplinary and other confidential personal records contained in their personnel files. This information, if filed in open court, may cause undue harm, embarrassment or invasion of privacy for non-party individuals who may have limited or no direct involvement in this case. Accordingly, the parties believe that good cause exists to permit either party to designate any documents or other evidence containing such personal information as confidential by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."

4. The Defendant believes that certain other documents essential to the litigation in this case contain highly sensitive trade secret, financial and other business information of St. Joseph's Community Hospital, including its finances, as well as its policies, procedures and standards in certifying its employees in particular skill sets. This information, if filed in open court, may cause undue harm and competitive disadvantage to St. Joseph's Community Hospital. Accordingly, the Defendant believe that good cause exists to permit it to designate any documents or other evidence containing such trade secret, financial and other business information of St. Joseph's Community Hospital as confidential by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."

5. One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains confidential information as defined herein. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

6. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

7. Any document designated CONFIDENTIAL by a party, and all information and data contained therein, shall be treated by the other party as confidential and shall not be used or disclosed outside of this action for any purpose whatsoever, and specifically shall not be used or disclosed for any business or commercial purpose. Any information that is publicly available (other than information disclosed in violation of this Protective Order) shall not be considered Confidential Information.

8. Nothing herein shall prevent a party from disclosing its own Confidential document or information as it deems appropriate, and such disclosure shall not waive the protections of this Stipulation with respect to any other Confidential document or information,

3

whether or not such other document or information is related to the voluntarily disclosed document or information.

9. All documents designated CONFIDENTIAL, and all duplicates thereof, shall be controlled by and remain in the possession of legal counsel representing the parties to this action. Documents designated CONFIDENTIAL, and duplicates thereof, shall be shown to clients, witnesses and potential witnesses, Defendant's law firm staff, consultants and experts retained by the parties for the lawsuit, EEOC staff, court reporters, the Court and Court staff only as necessary to the prosecution of a claim or defense in this action, and shall not be shown to any other person. Duplication of any document designated CONFIDENTIAL shall be done only as necessary for the prosecution of a claim or defense in this action.

10. Any document designated CONFIDENTIAL shall be filed in the Court record or lodged with the Court under seal. This practice will apply solely to pretrial dispositive and non-dispositive motions. The parties reserve the right to submit a subsequent protective order to govern the treatment of confidential documents at trial.

11. Prior to being provided Confidential Information, any third-party consultants or experts retained by the parties shall be advised of the existence and contents of this Order, and the disclosing party shall present such persons with the acknowledgment of their receipt of such advice in the form annexed hereto as EXHIBIT A ("Acknowledgment"). All Acknowledgments presented for signature shall be retained by counsel for the party making the disclosure.

12. This Stipulation shall be without prejudice to the right of any party to oppose production of any documents or information for any lawful grounds, and nothing in this Stipulation shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Stipulation shall not limit any party's right to seek further

and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.  Nothing in this Order bars the use of a document or information designated as Confidential Information in depositions, motion practice or trial.

13. In the event that any party receiving documents objects to the document being marked or designated CONFIDENTIAL, the party objecting to the designation shall give written notice of the objection to the party making the designation.  The parties, or an individual proceeding under Paragraph 14 herein, must meet and confer to attempt to resolve the dispute.  If the parties cannot reach an agreement, the party making the CONFIDENTIAL designation must file a motion to in support of the CONFIDENTIAL designation under Fed. R. Civ. P. 26(c).  Any such motion must be brought within twenty – one (21) days of the date the parties met, conferred and were unable to reach agreement, or the documents objected to will no longer be deemed CONFIDENTIAL under this order.  In connection with any such motion, the parties agree that this Stipulation does not alter any rules of civil procedure or any applicable burden of proof.

14. Any interested member of the public may challenge a CONFIDENTIAL designation in accord with the process identified in Paragraph 13.

15. The parties through counsel stipulate that the Court may enter the order in the form presented without hearing, and respectfully request that it do so.

**MICHAEL BEST & FRIEDRICH LLP**

Dated:  June 18, 2009        By  s/Mitchell W. Quick
                                 Mitchell W. Quick (State Bar No. 1001493)
                                 Amy Schmidt Jones (State Bar No. 1032274)
                                 100 East Wisconsin Avenue, Suite 3300
                                 Milwaukee, WI  53202
                                 (414) 271-6560
                                 (414) 277-0656 (facsimile)

**ATTORNEYS FOR DEFENDANT**

ST. JOSEPH'S COMMUNITY HOSPITAL


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION


Dated: June 18, 2009       By: s/Nicholas J. Pladson
                               Nicholas J. Pladson (MN Bar No. 388148)
                               Trial Attorney

                               Jean P. Kamp
                               Associate Regional Attorney

                               Minneapolis Area Office
                               330 Second Avenue South, Suite 720
                               Minneapolis, MN 55401
                               (612) 335-4047
                               (612) 335-4044 (fax)
                               nicholas.pladson@eeoc.gov

**EXHIBIT A**

**Acknowledgment**

The undersigned has read the annexed Order in the above-captioned action entered as an Order of the Court on _____, 2009. The undersigned agrees to be bound by the terms thereof, and not to disclose or otherwise use any of the Confidential information made available or produced in connection with this litigation (or any copies thereof or the information contained therein) other than in connection with this litigation as provided for in the Order. Additionally, the undersigned submits to the jurisdiction of the Court for any disputes related to, or enforcement of, the Order.

Dated: _____                    _____

X:\CLIENTB\083118\0032\A3326904.1
X:\CLIENTB\083118\0032\A3331986.1